**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 3, 2020

**By ECF**

Hon. Vernon S. Broderick
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

> Re:   **United States v. Richard D. Hart**, S1 17 Cr. 248 (VSB)

Dear Judge Broderick:

      The Government writes in response to defendant Richard D. Hart's motion for compassionate release dated April 2, 2020, and the Court's Order dated April 3, 2020. Because Hart did not make any application to the warden of his facility until the evening of March 31, 2020, and the warden has yet to rule on that request, the Government respectfully submits that the motion is premature and should be denied without prejudice to refiling after Hart has exhausted his administrative remedies. If the Court reaches the merits of the motion, the Government respectfully submits that the motion should be denied.

### Hart Has Not Complied with Statutory Exhaustion Requirements

      In Paragraph 15 of his submission, Hart concedes that he has failed to exhaust his administrative remedies. Because such exhaustion is mandatory, the court lacks the authority to grant compassionate release at this time.

      Under 18 U.S.C. § 3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. One such circumstance is the so-called compassionate-release provision, which provides that a district court "may reduce the term of imprisonment" where it finds "extraordinary and compelling circumstances." *Id.* § 3582(c)(1)(A)(i). A motion under this provision may be made by either the Bureau of Prisons or a defendant, but in the latter case only "after the defendant has *fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* (emphasis added). Thus, where a compassionate release motion is brought by a defendant who has not "fully exhausted all administrative rights," the district court "may not" modify his term of imprisonment.

      Section 3582(c)(1)(A)'s exhaustion requirement is therefore mandatory. It is critical, in this context, to note that Section 3582(c)'s exhaustion requirement is statutory, and thus is not the sort of judicially crafted exhaustion requirement that "remain[s] amenable to judge-made

exceptions." *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016). By significant contrast, *statutory* exhaustion requirements "stand[] on a different footing." *Id.* There, "Congress sets the rules— and courts have a role in creating exceptions only if Congress wants them to." *Id.* Thus, where a statute contains mandatory exhaustion language, the only permissible exceptions are those contained in the statute. *Id.*

As described above, Section 3582(c)(1)(A) contains mandatory exhaustion language with no statutory exceptions. The plain language of the statute makes clear that a court "may not" modify a sentence unless, as relevant here, the defendant has first "fully exhausted all administrative rights." Unlike the Prison Litigation Reform Act, for example, there is no statutory qualifier that a defendant need only exhaust all "available" remedies.[1] Thus, Section 3582(c)(1)(A) is a mandatory exhaustion provision with no applicable exceptions. *Cf. Fry v. Napoleon Community Schools*, 137 S. Ct. 743, 750 (2017) (statute requiring that certain types of claims "shall be exhausted" is a mandatory exhaustion provision for those types of claims). For this reason, as Judge Cote and Judge Cogan have explained, this court lacks the authority to grant Hart's motion at this time. *United States v. Monzon*, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020); *United States v. Bolino*, 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020); *see also United States v. Hernandez*, 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020) (finding that the compassionate release provisions of the First Step Act did not apply because "Mr. Hernandez does not appear to have sought any [ ] relief within the Bureau of Prisons, let alone exhausted his administrative remedies"). It would be legal error for the Court to disregard that requirement.

Relying on *Washington v. Barr*, 925 F.3d 109 (2d Cir. 2019), Hart contends that exceptions to the exhaustion requirement apply here. (*See* Motion at ¶ 16). He is incorrect. *Washington* is inapposite. That case involved the invocation of a *judge*-made exhaustion doctrine. *See id.* at 116 (stating that the statute in question "does not mandate exhaustion of administrative remedies" but finding that exhaustion requirement was nevertheless appropriate); *id.* at 118 ("Although not mandated by Congress, [exhaustion] is consistent with congressional intent."). Thus, it was appropriate for the court to consider judge-made exceptions. *See Ross*, 136 S. Ct. at 1857.

This case, in contrast, involves a mandatory, *statutory* exhaustion requirement, which allows for no such exceptions. To be sure, *Washington* states that: "Even where exhaustion is seemingly mandated *by statute or decisional law*, the requirement is not absolute. The Supreme Court itself has recognized exceptions to the exhaustion requirement under 'three broad sets of categories.'" *Washington*, 925 F.3d at 118 (emphasis added) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992)). But the inclusion of the phrase "by statute" makes this statement not

---

[1] In particular, the PLRA demands that an inmate exhaust "such administrative remedies *as are available*," meaning that the only permissible exception to exhaustion is where the remedies are "unavailable." *Ross,* 136 S. Ct. at 1856-58 (emphasis added); *see also id.* at 1855 (criticizing the "freewheeling approach" adopted by some courts of appeals to exhaustion requirements, and overruling precedent from the Second Circuit and other circuits that had read additional exceptions into the rule). Here, no such exception exists in the statute.

accurate, as the citation to *McCarthy* makes clear. *McCarthy* is another case involving a judge-made exhaustion requirement. *See McCarthy*, 503 U.S. at 152 ("Congress has not *required* exhaustion of a federal prisoner's *Bivens* claim."). It thus provides no support for the notion that exhaustion mandated "by statute" is not absolute.[2] Further, when *Washington* goes on to discuss three recognized exceptions to exhaustion, it is describing three exceptions recognized in *McCarthy* in the *judge*-made context. But as the Supreme Court made clear in *Ross*, that ignores the critical distinction between statutory and judge-made exhaustion requirements.

## Hart's Motion Does Not Establish Compelling and Extraordinary Reasons Warranting Hart's Release

Hart's motion should be denied even if the Court considers it on its merits.

Under 18 U.S.C. § 3582(c)(1)(A), "[t]he court may not modify a term of imprisonment once it has been imposed except" as provided in the statute. *See also United States v. Goode*, No. 14 Cr. 810 (CM), 2020 WL 58272, *1 (S.D.N.Y. Jan. 6, 2020); *United States v. Israel*, No. 05 Cr. 1039 (CM), 2019 WL 6702522, *1 (S.D.N.Y. Dec. 9, 2019). The First Step Act did not amend the eligibility requirements for compassionate release, which are set forth in 18 U.S.C. § 3582(c)(1)(A) and Section 1B1.13 of the United States Sentencing Guidelines. The court can modify a sentence only if, as relevant here, it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Any proposed reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). In addition, the factors set forth in 18 U.S.C. § 3553(a) are relevant to determining whether compassionate release is warranted. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

In Application Notes to Section 1B1.13, the Sentencing Commission provides examples of circumstances that could amount to "extraordinary and compelling reasons" under the statute. According to the notes, a defendant's medical condition could qualify if involves "a terminal illness" or another condition "that substantially diminishes the ability of the defendant to provide self care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Note 1(A). Family circumstances that could qualify as "extraordinary and compelling reasons," the Application Notes state, are the

---

[2]  *United States v. Perez*, 2020 WL 1546422 (S.D.N.Y. Apr. 1, 2020), which granted compassionate release to a defendant who had not exhausted administrative remedies, therefore misplaced its reliance on *Washington*'s "not absolute" language. *See* 2020 WL 1546422, at *2 & n.2. *Perez* further erred in relying on *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976), for the proposition that a court may consider claims notwithstanding a party's failure to satisfy statutory exhaustion requirements. *See Perez*, 2020 WL 1546422, at *2 n.2. *Mathews* held that the complex statutory exhaustion requirement at issue had been *satisfied*, not that it could be ignored. *See* 424 U.S. at 329 (petitioner "fulfilled" statute's "crucial prerequisite" when "he specifically presented the claim that his benefits should not be terminated" through his answers to a state agency questionnaire, and his claim "was denied by the state agency and its decision was accepted by the SSA").

"death or incapacitation" of a defendant's child's caregiver, or the incapacitation of the defendant's spouse if the defendant would be the only available caregiver for that incapacitated individual. *Id.* at Application Note 1(C).

Hart bears the burden of proving that he is entitled to relief under 18 U.S.C. § 3582. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease); *United States v. Clarke*, No. 09 Cr. 705 (LAP), 2010 WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010) (same).

Hart has failed to carry his burden. COVID-19, while undoubtedly serious, does not constitute the compelling and extraordinary circumstances warranting release of Hart, and the factors the court must consider under § 3553(a) strongly support denying his motion.

First, neither Hart's medical condition nor his wife's struggle to juggle her employment with her need to care for their son rises to the level of an "extraordinary and compelling reason[]" akin to the examples listed in the Application Notes to U.S.S.G. § 1B1.13. Although Hart states that he is vulnerable because he has high blood pressure and asthma, he was not listed among the many inmates MDC recently identified as being at high risk from Covid-19. Moreover, the claim that Hart "suffers from a number of serious medical problems" finds little support in the record. The PSR, prepared just last year, reported that in his interview with the Probation Department, Hart "stated that he has been in good health his entire life." (PSR ¶ 101). The PSR did not mention anything about Hart having high blood pressure or asthma. Hart's own medical records do evidence some elevated blood pressure. However, those same records make no mention of asthma.[3] As to the strain Hart's imprisonment places on his wife, that hardship is common when a defendant is sentenced to prison, *see United States v. Cutler*, 520 F.3d 136, 165 (2d Cir. 2008) ("[The defendant's] wife and children will no doubt face hardship, but this is true whenever family members are deprived of the company and/or support of a defendant who is incarcerated."); *United States v. Smith*, 331 F.3d 292, 294 (2d Cir. 2003) ("It is not unusual . . . for a convicted defendant's incarceration to cause some hardship in the family."), and it does not justify releasing him at this time.

Second, the § 3553(a) factors counsel against releasing Hart at this time. Hart was a major participant in an eight-figure fraud that victimized thousands of small businesses. Although his family circumstances are difficult and compelling, the court already recognized and factored those facts into its decision to sentence Hart to one year and one day in prison—a significant downward variance from the recommended Guidelines sentence of 60 months' imprisonment. Assuming Hart receives good-time credit, he is not due to be released until August 17, 2020, meaning he has served little more than half of his already reduced prison term.

---

[3]  Hart's counsel provided the Government with a photo of an inhaler that appeared to have once been prescribed to Hart. However, there is no date on the inhaler in the photograph, which bears Hart's residential address prior to incarceration.

The seriousness of his offense and the need to deter others from committing fraud, among other § 3553(a) factors, strongly support denying his motion for compassionate release.[4]

### Responses to Court's Order of April 3, 2020

In response to additional questions raised in the Court's Order of April 3, 2020, the Government notes it believes the email from Hart's counsel to the Warden of the MDC initiates the exhaustion process required by the BOP. The Government spoke this afternoon with a Senior Attorney at MDC, who confirmed that the Warden will receive the request that was emailed, if it has not been received already.

As to whether BOP intends to and/or has the capacity to respond to the motion within 30 days, the Senior Attorney stated that BOP currently intends to review the motion as soon as possible, which it hopes will be within 30 days. The Senior Attorney further stated that she is not aware of any position BOP has formulated concerning Hart's request, and noted that if BOP formed a position, that would have been communicated to Hart.

### Conclusion

For these reasons, Hart's motion for a modification of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) should be denied.

---

[4] *Perez* is thus readily distinguishable from this case on the merits. In the "unique circumstances" of *Perez*, which was decided on April 1, 2020, the defendant had been detained since September 2017 and was scheduled to be released on April 17, 2020; the defendant had "a well-documented history of medical complications" that the Government agreed placed him at "heightened risk of serious illness or death from COVID-19"; and the Government, while arguing that the defendant needed to exhaust administrative remedies, did not object to the defendant's release on the merits. *Perez*, 2020 WL 1546422, at *1. Here, in contrast, Hart has served little more than half his sentence; BOP does not include him among the many inmates who are considered to be at high risk from COVID-19; documentation including the PSR and prison medical records do not indicate that Hart has asthma; and the Government opposes the motion for release on the merits.

Hon. Vernon S. Broderick  Page 6
April 3, 2020

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

By:   /s/
       David Raymond Lewis / David Abramowicz
       Assistant United States Attorneys
       (646) 787-5645 / (212) 637-6525

cc:    Eric Sears, Esq.
       Jacob Mitchell, Esq.