LAW OFFICE OF

# Jacob Barclay Mitchell, Esq.

140 Broadway, Suite 4611
New York, New York 10005

TELEPHONE: (212) 204-2574             E-MAIL: jacobbarclaymitchell@gmail.com
CELLULAR:  (540) 273-3400             FACSIMILE: (212) 858-7750

April 10, 2020

Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

RE:     United States v. Richard D. Hart, S1 17 Cr. 248 (VSB)

Dear Judge Broderick:

  The Defense writes in response to the government's opposition filed April 3, 2020 to Mr. Hart's motion for compassionate release. Mr. Hart's motion is not premature. The Court has the authority to waive the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

### THE COURT HAS AUTHORITY TO WAIVE THE EXHAUSTION REQUIREMENT

  The First Step Act (FSA) authorizes courts to act independently of the Bureau of Prisons when a prisoner seeks to have his sentence reduced. 18 U.S.C. 3582(c)(1)(A). The statute includes facts for a court's consideration. *United States v. Redd*, No. 1:97-CR-00006-AJT, 2020 WL 1248493, at 7 (E.D. Va. Mar. 16, 2020) ("the First Step Act authorized courts to act independently of the BOP Director").

  The FSA's compassionate release provision grants the sentencing court the power to reduce a prisoner's sentence when "extraordinary and compelling reasons warrant such a reduction". The language does not make exhaustion of administrative remedies mandatory but instead clearly gives the court authority to reduce a sentence even without exhaustion of remedies in two contexts: whenever the Director of the Bureau of Prisons makes the motion or "the lapse of 30 days from the receipt of [a] request by the warden of the defendant's facility…."*Id*.

  Courts have the power to create an exception to the 30-day period set by Congress. The Supreme Court has clearly held that the courts' power to create exceptions to a statutory

exhaustion requirement depends on the language of the statute. "[A] statutory exhaustion provision stands on different footing [from a judicially created one]. There, Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to." *Ross v. Blake*, 136 S.Ct. 1850, 1857 (2016).

In examining the Prison Litigation Reform Act of 1995 (PLRA) the Supreme Court ruled that courts do not have the power to create emergency exceptions to the exhaustion requirement. The PLRA used mandatory language in setting out the administrative remedies' exhaustion standard. The PLRA language reads:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*.

*Ross*, 136 S. Ct. at 1856, 42 U.S.C. § 1997e(a) (emphasis added). The Supreme Court focused on the "*no action shall be brought…until*" language in the PLRA. "[T]he PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.'" *Id.* The Court concluded, "mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account." *Id.*

The FSA's language is distinct from the mandatory language found by the *Ross* court to be controlling for the PLRA exhaustion requirement. Under the FSA an inmate need not exhaust if the BOP fails to take action within thirty days. The FSA created two avenues by which a defendant could bring a motion in court on their own. Either after they had "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, *whichever is earlier*." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). The plain meaning of the language in the FSA does not mandate exhaustion. Quite the opposite, it provides an alternative means to petition the court directly after thirty days. Unlike the PLRA and other exhaustion requirements that are construed to be mandatory, the FSA "lacks the sweeping and direct language that would indicate a jurisdictional bar rather than a mere codification of administrative exhaustion requirements." *Richardson v. Goord*, 347 F.3d 431, 434 (2d Cir. 2003) (quotations marks and citations omitted). Courts have held the kind of exhaustion scheme in the FSA may "not only be waived by the agency but also excused by the courts." *Smith v. Berryhill*, 139 S. Ct. 1765, 1774 (2019) (internal citations omitted) (reaffirming precedent that exhaustion requirement of Social Security Act § 405(g), which provides for judicial review of "any final decision of the [agency] made *after* a hearing," may be excused by the court (emphasis added)).

The distinction is further illustrated by the fact that district courts must take into account factual developments that postdate exhaustion in deciding the motion for a reduction in sentence under §3582(c)(1)(A). Section 3582(c)(1)(A) requires a court to consider Section 3553(a) factors. When conducting that analysis, a district court must consider the individual and his circumstances as they exist at that moment. *See Pepper v. United States*, 562 U.S. 476, 492 (2011) (holding that a sentencing court must base Section 3553(a) analysis on "the most up-to-date picture" of a defendant's history and characteristics. Additionally, the standard itself

- whether extraordinary and exceptional circumstances exist – makes it clear beyond any doubt that the rapidly changing facts of the COVID-19 pandemic lead to the conclusion that exhaustion is not required. To require exhaustion in these circumstances would leave prisoners without the ability to seek *effective* relief from the court, which is clearly contrary to the FSA's language and the legislative intent to facilitate inmates' ability to file such motions on their own behalf.

Because the administrative exhaustion clause of the FSA is not mandatory, it is subject to the exception that exhaustion is not required where doing so would be futile and risk irreparable harm. *Washington v. Barr*, 925 F.3d 109, 120-21 (2nd Cir 2019). As the Supreme Court has explained, "application of the exhaustion doctrine is 'intensely practical" and should "be guided by the policies underlying the exhaustion requirement." *Bowen v. City of New York*, 476 U.S. 467, 484 (1986) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 332 n.11 (1976)). Those policies were articulated by the Supreme Court in *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975):

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

Thus, conducting an "intensely practical" analysis of these policies in the context of the Social Security Act's exhaustion requirement the Supreme Court held in *Bowen* that courts "should be especially sensitive" to *irreparable and severe medical harm* resulting for blind adherence to a statutory exhaustion requirement, particularly "where the Government seeks to require claimants to exhaust administrative remedies merely to enable them to receive the procedure they should have been afforded in the first place." *Bowen*, 476 U.S. at 484 (emphasis added) (discussing 42 U.S.C. § 405(g)). *See also, Hendricks v. Zenon*, 993 F.2d 664, 672 (9th Cir. 1993) (waiving requirement to exhaust administrative remedies where "exceptional circumstances of peculiar urgency are shown to exist") (*citing Granberry v. Greer*, 481 U.S. 129 (1987)); *Washington v. Barr*, 925 F.3d 109, 119 (2d Cir. 2019) (finding that administrative exhaustion requirements can be waived if delay would cause irreparable injury); *Maxwell v. New York Univ.*, 407 F. App'x 524, 527 (2d Cir. 2010) (same).

Courts have recognized that under the right circumstances, seeking relief from the BOP can be futile and so exhaustion of administrative remedies is not required. *Thody v. Swain,* 2019 U.S. Dist. LEXIS 226582,* 5 (CD CA Nov. 26, 2019) finding prisoner failed to demonstrate futility), *citing Fraley v. United States Bureau of Prisons*, 1 F.3d 924 (9th Cir. 1993) (where administrative appeal to Regional Director certainly denied request based on BOP policy, further application for administrative remedies would be futile); *Merth v. Puentes*, 2019 U.S. Dist. LEXIS 114799, *8 (ED CA July 10, 2019) (holding administrative exhaustion of FSA's good time credits provision futile and so waived). *Cf United States v. Mills*, 2019 U.S. Dist. LEXIS 10954, *3 (MD FL January 23, 2019) (prisoner cannot invoke futility of administrative remedies when he requested compassionate release before the enactment of FSA.)

Other provisions in the FSA support these conclusions. Specifically, the Act carves out notice and expedited administrative consideration for prisoners with terminal illnesses. 18 U.S.C. § 3582(d). The Act broadly defines a "terminal illness" as "a disease or condition with an end-of-life trajectory." *Id*. § 3582(d)(1). It then imposes on BOP the obligation to give notice to the defendant and others " not later than 72 hours after the diagnosis" "with a terminal illness." 18 U.S.C. §3582(d)(2)(A)(I). Upon request, the BOP is to "ensure that Bureau of Prisons employees assist the defendant in the preparation, drafting, and submission of a request for a sentence reduction pursuant to subsection (c)(1)(A); and . . . not later than 14 days after receipt of a request for a sentence reduction submitted on the defendant's behalf . .process the request . . . ." *Id*., § 3582(d)(2)(A)(iii), (iv). The intent of the statute is clearly to provide prisoners with numerous avenues to quickly and efficiently have their request considered by the courts when circumstances unforeseen at the time of sentencing arise.

This Court should also look to the amendment to §3582(c) contained in the FSA. Congress adopted the amendments in response to the BOP's failure to "properly manage the compassionate release program, resulting in inmates who may be eligible candidates for release not being considered." U.S. Dep't Justice, The Federal Bureau of Prisons Compassionate Release Program, p. 11 (https://oig.justice.gov/reports/2013/e1306.pdf 2013)[1] The changes made to section 3582(c)(1)(A) were intended to reform sentencing decision and increase the use of the "compassionate release" provisions that already existed. The legislative history of the First Step Act supports the view that the exhaustion requirement is subject to exceptions. The purpose of the FSA's amendment to section 3582(c)(1)(A), permitting prisoners to file the motion for a reduction in sentence, was intended to increase the use of that mechanism. The FSA entitled this section, "Increasing the Use and Transparency of Compassionate Release." 164 CONG. REC. H10358 (daily ed. Dec. 20, 2018). Senator Ben Cardin noted the First Step Act made several reforms to the federal prison system, including "expedit[ing] compassionate release applications." 164 CONG. REC. S7774 (daily ed. Dec. 18, 2018). *See United States v. Young*, No. 2:00-CR-00002-1, 2020 WL 1047815, at *5, 2020 U.S. Dist. LEXIS 37395, *14 (M.D. Tenn. Mar. 4, 2020) (noting intent to expedite compassionate release applications). Congressman Jerry Nadler noted that the FSA included "a number of very positive changes, such as . . . improving application of compassionate release, and providing other measures to improve the welfare of federal inmates." 164 CONG. REC. H10361-H10362 (Dec. 20, 2018).

As cited in Mr. Hart's initial motion to modify her sentence, there is already precedent for finding that the exhaustion requirement need not be met. Courts in this circuit have found it proper to hear compassionate release petitions prior to the expiration of thirty days, at least in part

---

[1] More specifically, the Inspector General found the BOP: (1) failed to provide adequate guidance to staff regarding the medical and nonmedical criteria for compassionate release consideration; (2) had no timeliness standards for reviewing compassionate release requests, and timeliness standards for inmate appeals do not consider the special circumstances of medical compassionate release requests; (3) did not have formal procedures to inform inmates about the compassionate release program; and (4) failed to have a system to track compassionate release requests, the timeliness of the review process, or whether decisions made by institution and Regional Office staff are consistent with each other or with BOP policy. U.S. Dep't Justice, *The Federal Bureau of Prisons' Compassionate Release Program*, p. 11.

as a result of the COVID-19 outbreaks in BOP facilities and the conditions making those facilities a dangerous medium for the virus to spread. *See*. Richard Hart's Motion to Modify Sentence ¶16) In the four days since Mr. Hart filed the motion to modify his sentence, multiple district courts, in this circuit and other circuits, have come to the same legal conclusion. *See United States v. Wilson Perez*, No. 17 Cr. 513 (AT), ECF Docket No. 98, (S.D.N.Y. Apr. 1, 2020) (granting release based on health issues and finding court could waive exhaustion requirement; government did not object based on defendant's medical conditions); United *States v. Eli Dana*, No. 14 Cr. 405 (JMF), ECF Docket No. 108 (S.D.N.Y. Mar. 31, 2020) (granting compassionate release motion without exhaustion of administrative remedies, where government consented);*United States v. Damian Campagna*, No. 16 Cr. 78 (LGS), 2020 WL 1489829, at *1 (S.D.N.Y. Mar. 27, 2020) (granting compassionate release sentencing reduction to defendant convicted of firearms offenses based on defendant's health and threat he faced from COVID-19; government consented to reduction and agreed health issues and COVID-19 were basis for relief); *United States v. Jose Maria Marin*, No. 15 Cr. 252 (PKC), ECF Docket No. 1325-1326 (E.D.N.Y. Mar. 30, 2020) (waiving exhaustion requirement and granting compassionate release to defendant based on special risks he faced from COVID-19). *United States v. Andre Williams*, No. 04 Cr. 95 (MCR) (N.D. Fla. Apr. 1, 2020) (granting release based on defendant's health and COVID-19); *United States v. Teresa Ann Gonzalez*, No. 18 Cr. 232 (TOR), ECF Docket No. 834 (E.D. Wa. Mar. 25, 2020) (waiving any further exhaustion attempts as futile and granting compassionate release based on defendant's health issues and COVID-19 pandemic); *United States v. Jeremy Rodriguez*, No. 03 Cr. 271 (AB), ECF Docket No. 135 (E.D. Pa. Apr. 1, 2020) (finding court has independent authority to determine "extraordinary and compelling" reasons and granting compassionate release based in part on defendant's health and COVID-19; no exhaustion issue because 30 days had passed);*United States v. Pedro Muniz*, No. 09 Cr. 199, ECF Docket No. 578 (S.D. Tex. Mar. 30, 2020) (granting compassionate release based on health conditions that made inmate susceptible to COVID-19; inmate had pending application, so had exhausted admin process);*United States v. Samuel H. Powell*, No. 94 Cr. 316 (ESH), ECF Docket No. 97 (D.D.C. Mar. 27, 2020) (granting compassionate release for 55-year old defendant with respiratory problems in light of outbreak, without waiting for 30 days or other exhaustion of administrative remedies through the BOP); *United States v. Agustin Francisco Huneeus*, No. 19 Cr. 10117 (IT), ECF Docket No. 642 (D. Mass. Mar. 17, 2020) (granting defendant's emergency motion based on COVID-19).

## **Conclusion**

Mr. Hart's motion for a modification of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) should be granted. Additionally, the defense is prepared to address the government's claim that Mr. Hart's medical condition's coupled with the COVID-19 pandemic do not establish compelling and extraordinary reasons for Mr. Hart's release if the Court

Thank you for your time and consideration.

Respectfully Submitted,

\_\_\_\_\_/S/_____
Jacob Mitchell
Eric Sears

cc:
, AUSA
, AUSA